# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-CR-56-TCK |
| ) | (Civil Case 09-CV-45-TCK-FHM) |
| BOBBY WAYNE HALEY, JR., ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 156) ("§ 2255 Motion"), Defendant's Supplement to the § 2255 Motion ("Supplement") (Doc. 160); the Government's response (Doc. 162); and Defendant's reply (Doc. 163). Also before the Court are the following motions filed after briefing was complete on the § 2255 Motion: Defendant's Motion to Amend ("Motion to Amend") (Doc. 173); Defendant's Motion for Evidentiary Hearing (Doc. 174); Defendant's Motion to Compel Discovery (Doc. 175); Defendant's Motion to Expedite Ruling (Doc. 178); and Defendant's second Motion to Amend ("Second Motion to Amend") (Doc. 180).

## I.    Factual Background

On April 6, 2005, Defendant Bobby Wayne Haley, Jr. ("Defendant") and a co-defendant Rhonda Sue Davis ("Davis") were charged by Indictment. Defendant and Davis were charged with conspiring with each other to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1) and distributing cocaine on or about December 15, 2004, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 3). Davis was also charged with a second count of distribution of cocaine on or about October 28, 2004, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2). The Government also filed an Information pursuant to 21 U.S.C. § 851(a)(1) ("§ 851 Information"),

alleging that Defendant had three prior felony drug convictions. This had the effect of raising the statutory maximum sentence for Counts 1 and 3 to 30 years. *See United States v. Haley*, 529 F.3d 1308, 1310 (10th Cir. 2008).

On February 16, 2006, the Court denied a motion to suppress a digital recording of a controlled drug buy involving Defendant, which supported Counts 1 and 3 of the Indictment. (*See* Doc. 77.) The Court also denied Defendant's request to examine the recording device, but only after ordering an in camera review of the device and appointing a technical adviser to assist the Court in determining whether Defendant's need for examination outweighed the Government's interest in protecting confidential information. (*See* Doc. 98.)

Following a two-day trial, a jury convicted Defendant of Counts 1 and 3. Defendant was represented during trial by Mr. William Lunn ("Lunn"). The evidence supporting the convictions was summarized by the Tenth Circuit:

> On December 14, 2004, Mathis Givens, a confidential informant working with Special Agent Josh Petree of the Bureau of Alcohol, Tobacco and Firearms, arranged to purchase cocaine from Rhonda Davis (whom he knew as "Big Momma") in a controlled transaction. Agent Petree had Mr. Givens purchase cocaine from Ms. Davis in controlled transactions on two prior occasions. However, this time Agent Petree instructed Mr. Givens to arrange for the transaction to occur at a time of day when he knew Ms. Davis had to pick up her children at school in order to see if Ms. Davis would send her supplier to facilitate the transaction. Mr. Givens and Ms. Davis spoke by telephone and arranged to meet at a car wash in Tulsa, Oklahoma. Agent Petree searched Mr. Givens's car and person before he went to the car wash.
>
> As anticipated, Ms. Davis never arrived. Instead, Mr. Haley arrived and told Mr. Givens that he had been sent there by "Peaches," whom Mr. Givens determined was the same person as "Big Momma." Mr. Haley then told Mr. Givens that he had 63 grams of cocaine and that Peaches had sent him because she could not be there. Mr. Givens exchanged $1,500, given to him by Agent Petree, for the cocaine. Mr. Haley told Mr. Givens that his name was "B.J." The entire incident was observed by a surveillance team and recorded by a device Agent Petree had provided to Mr. Givens. After the transaction was completed, Mr. Givens returned to Agent Petree for debriefing. At that time, Ms. Davis called Mr. Givens to ensure everything was

okay and to tell him that she had sent "B.J." to do the deal. Agent Petree was familiar
with Mr. Haley and knew that "B.J." was Mr. Haley's nickname.

*Haley*, 529 F.3d at 1309-10. As referenced, trial evidence included a video recording ("Video Recording") of the December 15, 2004 transaction between Defendant and Mathis Givens ("Givens"). It also included an audio recording of the December 15, 2004 phone conversation ("Audio Recording") between Davis and Givens, which the jury was permitted to hear.[1]

On March 14, 2007, the Court held a sentencing hearing during which it classified Defendant as a career offender pursuant to USSG § 4B1.1(a) and sentenced Defendant to 262 months, which represented the low end of the guidelines range. This sentence was memorialized by judgment dated March 20, 2007, which Lunn appealed on Defendant's behalf. Following Lunn's withdrawal of counsel on appeal, the Tenth Circuit appointed Madeline Cohen ("Cohen") to represent Defendant. Defendant sent a letter to Cohen requesting that she raise certain issues on appeal. (*See* 7/10/07 Letter to Cohen, Ex. C to § 2255 Motion.) Cohen responded as follows:

> I have concluded that after extensive research and analysis that there are no non-frivolous issues available relating to the introduction of the surveillance video, the district court's denial of permission for your lawyer to inspect the surveillance equipment, or the sufficiency of the evidence against you on either count.

(7/30/07 Letter to Defendant, Ex. D to § 2255 Motion.) Defendant persisted, again requesting that Cohen raise the following issues on appeal: (1) whether the Court erred by failing to suppress the Video Recording; and (2) whether sufficient evidence supported the conspiracy conviction because "[t]he record does not show that Rhonda Davis benefited any kind of way" and "at worst case it was

---

[1] There was another audio recording that was not played to the jury but about which Agent Petree testified. The Court construes Defendant's arguments as referring to the audio recording actually played to the jury, and all references to the Audio Recording are to the recording played to the jury.

3

only a buyer/seller relationship because it was the only deal and the final deal." (*See* 8/9/07 Letter to Cohen, Ex. A to § 2255 Motion.) Cohen again explained by letter that she was ethically bound not to present frivolous arguments and explained that Defendant had the right to file pro se briefs in the event of her withdrawal as counsel or to request new appointed counsel. (*See* 8/13/07 Letter to Defendant, Ex. B to § 2255 Motion.) Defendant elected to proceed with Cohen as counsel, and Cohen advanced the one argument she identified as non-frivolous – whether Defendant's sentence was unreasonable due to the large disparity between his 262-month sentence and Davis's 18-month sentence. On appeal, the Tenth Circuit affirmed the 262-month sentence, reasoning that "the bulk of the sentencing disparity is easily explained by the fact that Mr. Haley is a career offender and Ms. Davis is not," which "translates to an increase of 216 to 270 months in the Guidelines range." *Haley*, 529 F.3d at 1312.

Defendant timely filed his § 2255 Motion, arguing that Lunn provided ineffective assistance of counsel in essentially three ways: (1) failing to investigate and present an adequate defense to the conspiracy charge; (2) failing to object to the authenticity of the Audio Recording; and (3) failing to object to the career-offender enhancement. Defendant argued that Cohen provided ineffective appellate counsel by failing to appeal the Court's denial of Defendant's motion to suppress the Video Recording.

## II.     Amendments to § 2255 Motion

Defendant filed the following documents, all of which attempt to amend the original § 2255 Motion: Supplement (Doc. 160); Motion to Amend (Doc. 173); "Pleading Special Matters F.R. Civ. P. 9(a)(b) 'Fraud on the Court'" (Doc. 174); and the Second Motion to Amend (Doc. 180). The Court will address each filing.

4

## A. Supplement (Doc. 160)

In the Supplement filed May 27, 2010, Defendant asserted that his conviction must be vacated because former ATF Agent Brandon McFadden ("Agent McFadden"), who was involved in the controlled buy that led to Defendant's arrest, was indicted on April 7, 2010 on various charges. As conceded by the Government, this new basis for relief was timely because it was filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Thus, this argument will be considered in ruling on Defendant's § 2255 Motion.

The remaining arguments in the Supplement are: (1) Lunn was ineffective by failing to impeach Agent Petree with a statement in a report that contradicted his trial testimony; and (2) Lunn was ineffective by failing to challenge the convictions forming the basis of the career offender enhancement. These arguments are not based on new facts or evidence and are untimely amendments to the original motion.[2] However, the Court may exercise discretion to permit the arguments as "relating back" to the original motion pursuant to Federal Rule of Civil Procedure 15(c)(1)(B). *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (explaining Rule 15(c) as it applies to untimely proposed amendments to § 2255 motions). A court has discretion to permit an untimely amendment to a § 2255 motion where the proposed amendment (1) clarifies or amplifies a claim or theory in the original motion by way of additional facts; and (2) does not seek to add a new claim or insert a new theory into the case. *See id.* (holding that Rule 15(c) could not save untimely asserted ineffective assistance claims because they were distinct in time and

---

[2] In this case, Defendant was required to make all arguments in support of his § 2255 motion by October 14, 2009, one year from the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1).

type from the claims raised in the original motion). The Court finds that the impeachment argument is an entirely new claim of ineffective assistance of counsel that was not raised in the original motion and does not relate back pursuant to Rule 15(c). Therefore, it will not be considered. In contrast, counsel's alleged failure to challenge the convictions forming the basis of the Government's § 851 Information, resulting in raising the statutory maximum and application of the career offender enhancement, is sufficiently tied to arguments made in the original motion to relate back pursuant to Rule 15(c). Therefore, this argument will be considered.

### B. Motion to Amend (Doc. 173)

The Motion to Amend asserts three arguments: (1) Lunn was ineffective by failing to adequately investigate and defend the conspiracy charge: (2) Lunn was ineffective by failing to investigate and discover information regarding a statement in Agent Petree's report that was inconsistent with Agent Petree's trial testimony and failing to seek dismissal and/or perjury charges based on Agent Petree's statements to the grand jury; and (3) Cohen was ineffective by failing to appeal the question of whether Agent Petree committed perjury before the grand jury and whether there was a variance between the evidence presented to the grand jury and the evidence presented at trial. The first argument relates back to the original motion pursuant to Rule 15(c) and will be considered. The second and third arguments were not raised in the original motion and are untimely proposed amendments.

### C. Fraud on the Court (Doc. 174)

In this filing, Defendant contends that the United States Attorney presented false testimony and perjured testimony to the grand jury, based on Agent Petree's subsequent trial testimony that he could not see the cocaine on the Video Recording. This is a new argument not raised in the original motion and not based on new facts or evidence. Therefore, the argument contained in this filing will not be considered.

### D. Second Motion to Amend (Doc. 180)

In this filing, Defendant seeks to amend his § 2255 Motion to argue that Lunn was ineffective by allowing the Audio Recording to be admitted at trial without properly authentication. This argument is also made in the original motion and relates back to the original motion pursuant to Rule 15(c). Therefore, the arguments made in the Second Motion to Amend will be considered.

## III. Defendant's Claims

Construing the original motion and the permissible amendments explained above, Defendant raises the following claims in support of his § 2255 Motion: (1) Lunn was ineffective by failing to investigate and present a proper defense to the conspiracy charge; (2) Lunn was ineffective by failing to object to the authenticity of the Audio Recording; (3) Lunn was ineffective by failing to object to the career offender enhancement and/or the convictions set forth in the § 851 Information; (4) Cohen was ineffective by failing to appeal the Court's denial of Defendant's motion to suppress the Video Recording; and (5) Defendant's conviction must be overturned due to Agent McFadden's involvement with the controlled buy leading to his arrest, or, alternatively, Defendant is entitled to discovery and an evidentiary hearing on this issue.

## IV. Ineffective Assistance Claims Against Lunn

In order to demonstrate ineffective assistance of counsel, a defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for the counsel's error, the result of the proceeding would have been different. *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). A court need not approach the inquiry in any particular order, and there is no need to address both questions if the defendant makes an insufficient showing on one. *Bryan v. Mullin*, 335 F.3d 1207, 1216 (10th Cir. 2003); *see also United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) ("The Supreme Court has observed that often it may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient.").

### A. Conspiracy Charge - No Prejudice

Defendant argues that Lunn "prejudiced his defense when [he] failed to present a strategy before the jury demonstrating that Mr. Haley was not in concert with any conspirators" and that "at most a buyer/seller transaction occurred." (§ 2255 Motion 5.) Defendant contends that Lunn "failed to put into the minds of jurors that Petitioner had no knowledge of Rhonda Davis' actions." (*Id.* 8.) Assuming that any of this conduct was somehow deficient performance, there is no reasonable probability it would have impacted the proceedings because there was overwhelming evidence that Defendant and Davis conspired to complete the relevant drug transaction. The trial evidence reflected that Givens contacted Davis to make a drug purchase, that Davis could not complete the sale herself, that Davis requested Defendant to complete the sale, that Defendant arrived at the location agreed to by Givens and Davis with the agreed-upon quantity of drugs, that Defendant

8

completed the transaction, and that Davis knew that Defendant completed the sale. Indeed, officers were attempting to discover the identity of Davis's co-conspirators and scheduled the controlled buy at a time they believed she would be unavailable. The officers' plan succeeded, and Defendant showed up at the controlled buy rather than Davis. Had Lunn presented a defense based on the absence of any agreement between Davis and Defendant, there is no reasonable probability this would have resulted in acquittal on the conspiracy charge because the evidence overwhelmingly established that Defendant and Davis mutually agreed to work in concert to complete the drug transaction.

Defendant cited a case standing for the proposition that a one-time drug "buyer does not automatically become a member of the conspiracy" and that such a buyer only becomes a member of a drug conspiracy where the "defendant knew the existence and scope of the conspiracy and sought to promote its success." *See United States v. Baker*, 905 F.2d 1100, 1106 (7th Cir. 1990). This holding is of no help to Defendant, who was the seller and who clearly agreed and cooperated with Davis to complete the drug transaction. While a one-time drug purchaser may not be convicted of being a member of a drug distribution conspiracy without additional evidence, a one-time drug seller may clearly be convicted of conspiring to distribute.

Defendant also implies that Lunn should have subpoenaed and called Davis as a witness at trial. In order to establish prejudice resulting from a failure to investigate and elicit testimony from witnesses, a movant must "demonstrate, with some precision, the content of the testimony that witness would have given at trial." *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990) (cited with approval in *United States v. Santurio*, No. 97-5149, 1998 WL 314569, at * 3 (10th Cir. May 29, 1998)). Here, Defendant has not explained what Davis may have said at trial that would

9

have assisted his defense, which renders it "nearly impossible" for Defendant to demonstrate prejudice. *See Santurio*, 1998 WL 314569, at * 3 ("By failing to show what testimony this witness could have given, Mr. Santurio cannot show that there is a reasonable probability that but for counsel's allegedly deficient performance, the result of the trial would have been different."). Further, because Davis cooperated with the Government and previously pled guilty to conspiring with Defendant to distribute cocaine, there is no reasonable probability that her testimony would have assisted Defendant's defense to the conspiracy charge in any way.

### B. Audio Recording - No Unreasonable Performance

Any post-hoc judicial scrutiny of counsel's performance during trial must be highly deferential. *Bryan v. Mullin*, 335 F.3d 1207, 1217 (10th Cir. 2003). "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* (internal quotations omitted). A reviewing court must reconstruct the circumstances of counsel's challenged conduct and evaluate such conduct from counsel's perspective at the time. *See id.* "Because of the difficulties that inhere in such a process, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[t]he importance of this presumption cannot be overstated." *Id.*

Construing his arguments liberally, Defendant contends that Lunn was ineffective by failing to object to admission of the Audio Recording on grounds that it was not properly authenticated. (*See* § 2255 Motion 9-10.) However, Defendant's argument must fail because the Audio Recordings were properly authenticated by Agent Petree, who testified that he monitored the call as it took place and that he was familiar with Davis' voice. Had Lunn objected, such objection would have been

10

without merit because Federal Rule of Evidence 901 permits authentication of audiotaped evidence through lay opinion testimony. *See* Fed. R. Evid. 901(b)(5) ("Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker."); *United States v. Bush*, 405 F.3d 909, 919 (10th Cir. 2005) (affirming admission of audio recording authenticated by detective's testimony that he recognized speaker's voice based upon three prior interactions with speaker) ("All the rule requires is that the identifier . . . have heard the voice of the alleged speaker . . . 'at any time.'"). The evidence demonstrated that Agent Petree had prior occasions to hear Davis's voice and authenticate that she was speaking to Givens during the monitored conversation. Because any authentication objections would have been meritless, Lunn was not ineffective for failing to raise it. *United States v. Scull*, 147 Fed. Appx. 749, 752 (10th Cir. 2005) ("Counsel was not ineffective for failing to raise meritless objections to the district court's subject-matter jurisdiction.").

### C. Career Offender Enhancement - No Prejudice

Defendant contends that Lunn was ineffective by failing to object to the career offender enhancement imposed by the Court under USSG § 4B1.1(a) and failing to challenge the convictions contained in the § 851 Information. These arguments fail because Defendant has not demonstrated that there is a reasonable probability that, had Lunn objected to the enhancement or challenged the convictions, the Court would have failed to impose the career offender enhancement. The convictions set forth in the § 851 Information and the Presentence Investigation Report included: (1) July 28, 1997 – Possession of Marijuana for Sale, Superior Court of California; (2) March 28, 2000 – Possession for Sale of a Controlled Substance, Superior Court of California; (3) August 22,

11

2001 – Possession of Controlled Drug with Intent to Distribute. The offenses qualify as "controlled substance offenses" for purposes of USSG § 4B1.2(b) and § 4B1.1(a). These offenses also qualify as "felony drug offenses" under 21 U.S.C. § 802(44) and therefore were properly used to enhance Defendant's range of punishment under 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(C). Defendant appears to believe that such convictions are invalid or that they did not involve sufficient drug quantities. (*See* § 2255 Motion 11 ("Two convictions were handed down in violation of Health and Safety Code, Possession of one half pound of marijuana and one fourth pound of marijuana, for sale. Another drug conviction resulted in possession of less than 3.5 grams of cocaine . . . . [These] drug amounts . . . would be considered as personal use or street level sales.").) However, Defendant has failed to demonstrate that these convictions do not qualify for the two definitions explained above or that, had Lunn objected, the Court would have failed to adhere to the conclusion in the Presentence Investigation Report that Defendant's prior convictions qualified him for the guidelines career offender enhancement and the statutory increase in his maximum sentence.

To the extent Defendant complains that Lunn was ineffective by failing to object to this Court's failure to conduct a 21 U.S.C. § 851(b) inquiry, the Court finds that any such failure by Lunn did not prejudice Defendant. Again, Defendant has failed to show how or in what way the prior convictions were invalid or should not have qualified him for the enhancement imposed by the Court. Therefore, had Lunn insisted on a § 851(b) inquiry or otherwise challenged the convictions, there is no reasonable probability that such challenge would have been successful or changed the ultimate outcome. *See generally United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1246 (10th Cir. 1996) (failure to comply with § 851(b) was harmless error where defendant failed to "advise this

court how such a challenge might be successful" and did not "allege any prejudice stemming from the district court's omission").

V. **Ineffective Assistance Claim Against Cohen - No Unreasonable Performance and No Prejudice**

In assessing whether Cohen provided ineffective appellate counsel, the relevant questions are whether she (1) was objectively unreasonable in failing to raise this Court's denial of Defendant's motion to suppress the Video Recording, and (2) if so, whether there is a reasonable probability that, but for her failure to raise this issue, Defendant would have prevailed on his appeal. *See Neill v. Gibson*, 278 F.3d 1044, 1057 & n.5 (10th Cir. 2001) (setting forth this two-part test and disavowing Tenth Circuit's prior use of "dead-bang winner" language in context of an omitted appellate argument, since such language could be read to impose something stricter than *Strickland*'s reasonable probability test). "'When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue.'" *Id.* (quoting *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir.1999)).

Prior to this case, the Court had not addressed the admissibility of a recording produced by the type of device used by the Government to record the December 15, 2004 drug transaction. Nor was the Court able to locate case law addressing a similar or identical device. Therefore, the Court conducted an evidentiary hearing, permitted expert testimony, and ultimately issued a 22-page Order explaining its reasoning for admitting the Video Recording over Defendant's objection. (*See* Doc.

77.)³ The Court held that the Video Recording was admissible as an original under Federal Rule of Evidence 1001(3) or, alternatively, as a duplicate under Rule 1003.

Upon examination of these Orders and analysis of the applicable law, Cohen informed Defendant that any challenge to admission of the Video Recording was, in her opinion, a meritless issue that would violate her ethical obligation as appellate counsel. Based on the Court's close examination of the question and its alternative holdings, Cohen did not act in an objectively unreasonable manner by making the choice not to pursue the issue on appeal. *See Strickland*, 466 U.S. at 690 ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). Further, like Cohen, this Court concludes that there was not a reasonable probability that admission of the Video Recording would have been reversed on appeal. Therefore, Defendant did not suffer any prejudice as a result of Cohen's refusal to raise this question on appeal.

## VI. Agent McFadden's Involvement With Controlled Buy

Upon review of the record, it is clear that Agent McFadden played a limited role in the sting operation occurring December 15, 2004. The testimony at trial was that Agent Petree knew and recruited Givens to serve as the confidential informant in the operation and that Agent Petree organized the operation leading to Defendant's arrest. Agent McFadden was merely one of three ATF agents conducting surveillance of the location where Givens met Haley, and he was not the head of this surveillance team. Neither Agent Petree or any other officers involved in this operation

---

³ Defendant also requested to examine the device, and the Government objected on grounds of protecting confidential law enforcement information. In order to assist it in conducting the necessary balancing test, the Court appointed a technical adviser at the Government's expense. The Court decided that the balance tipped in favor of non-disclosure of the device. (*See* Doc. 98.)

were indicted along with Agent McFadden. Further, Agent McFadden was indicted for conduct beginning or around January 1, 2007, two years after Agent McFadden's involvement in the operation leading to Defendant's arrest. Therefore, due to Agent McFadden's limited role, the more prominent roles of other unindicted officers, and the two-year time gap between the operation and Agent McFadden's alleged misconduct, Defendant is not entitled to any discovery, an evidentiary hearing, or a reversal of his conviction on these grounds.

## VII. Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority

15

suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**VIII. Conclusion**

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 156) ("§ 2255 Motion") is DENIED. Defendant's Motion to Amend (Doc. 173) is GRANTED IN PART AND DENIED IN PART. Defendant's Second Motion to Amend (Doc. 180) is GRANTED. Defendant's Motion for Evidentiary Hearing (Doc. 174), Defendant's Motion to Compel Discovery (Doc. 175), and Defendant's Motion to Expedite Ruling (Doc. 178) are DENIED. A separate judgment will be entered.

**SO ORDERED** this 4th day of May, 2012.

**TERENCE C. KERN**
**United States District Judge**