**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-56-TCK |
| ) | |
| BOBBY WAYNE HALEY, JR. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are: (1) Defendant's motions pursuant to Rule 60(b)(4) & (6) (Docs. 204, 214); (2) Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 216); and (3) Defendant's Motion to Obtain Documents (Doc. 215), which requests a copy of the two-page Enhancement Information filed December 8, 2006 (Doc. 99).

**I.      Rule 60(b) Motions (Docs. 204, 212)**

Both Rule 60(b) motions challenge this Court's denial of Defendant's original § 2255 motion. *See United States v. Haley*, No. 05-CR-56, 2012 WL 1581971 (May 4, 2012) ("Order"), *cert. of appealability denied*, 496 F. App'x 771 (10th Cir. 2012). The first Rule 60(b) motion raises three arguments: (1) the Court "voided multiple claims" when it failed to consider all grounds raised in the § 2255 motion, (2) the Court erred by failing to relate claims back; and (3) the Court erred by failing to transfer any untimely claims to the Tenth Circuit for authorization as second or successive § 2255 motions. The second Rule 60(b) motion raises these same arguments and an additional argument premised upon the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Ordinarily, a court must determine whether motions are true Rule 60(b) motions, second habeas petitions, or a mixture of both. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (explaining that motions raising procedural errors during habeas process are true Rule 60 motions while motions asserting grounds for vacating conviction are second habeas petitions). In this case, it is not necessary to classify Defendants' claims because all potential claims raised are subject to dismissal. With respect to any aspects of the motions that challenge procedural aspects of the Court's Order, and are therefore properly raised under Rule 60(b), the Court declines to consider such motions because they were not filed within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time … after the entry of the judgment or order or the date of the proceeding."). Defendant filed his first Rule 60(b) motion on March 24, 2014, almost two years after the Court's May 4, 2012 ruling, and filed his second Rule 60(b) motion on June 12, 2014, over two years after the ruling. Any procedural errors raised by Defendant were or should have been known to Defendant at the time the Order was entered, rendering the two-year delay unreasonable. *See United States v. Mack*, 502 F. App'x 757, 760 (10th Cir. 2012) (district court did not abuse discretion in concluding 60(b) motion filed more than two and one-half years after dismissal of § 2255 petition was not filed within a reasonable time); *United States v. Cleaver*, 319 F. App'x 728, 731 n.2 (10th Cir. 2009) (two years). *United States v. Morales-Morales*, 222 F. App'x 796, 796-97 (10th Cir. 2007) (year and one-half). Accordingly, any aspects of Defendant's motions that constitute true Rule 60(b) motions are dismissed as untimely.

With respect to any arguments that assert or reassert a federal basis for relief from the Defendant's underlying conviction, such arguments constitute unauthorized second or successive habeas petitions. *See Spitznas*, 464 F.3d at 1215; *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008)

("Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."). When faced with unauthorized second or successive habeas petitions, a district court has discretion to transfer the claims to the Tenth Circuit for authorization pursuant to 28 U.S.C. § 1631 or dismiss them without prejudice. *Id.* at 1252. Factors to consider are "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251.

The Court declines to transfer to the Tenth Circuit because none of Defendant's arguments are likely to warrant authorization under 28 U.S.C. §§ 2255(h)(1) (newly discovered evidence) or (2) (new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court). Defendant has not raised any newly discovered evidence. Although Defendant has raised a new rule of constitutional law announced in *Descamps*, this decision has not been made retroactive on collateral review. *See Groves v. United States*, 755 F.3d 588 (7th Cir. 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *United States v. Mitchell*, Nos. 03cr57, 14cv313, 2014 WL 3720582, at *2 (N.D. Fla. July 28, 2014) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and the undersigned has found no cases in which *Descamps* was held to be retroactive on collateral review.") (collecting cases at footnote 3). Therefore, Defendant's *Descamps* argument is not likely to result in authorization by the Tenth Circuit Court of Appeals under § 2255(h)(2).

**II.    § 2255 Motion (Doc. 216)**

In addition to raising the *Descamps* argument in his second Rule 60(b) motion, Defendant also raised such argument in an actual § 2255 motion. This motion is also an unauthorized second or successive habeas petition. For the same reasons explained above, the Court elects to dismiss this motion rather than transfer it to the Tenth Circuit Court of Appeals for authorization.

**III.    Conclusion**

Defendant's motions Pursuant to Rule 60(b)(4) & (6) (Docs. 204, 214) are DISMISSED as untimely and/or as unauthorized second or successive habeas petitions. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 216) is DISMISSED as an unauthorized second or successive habeas petition.

Defendant's Motion to Obtain Documents (Doc. 215) is GRANTED because (1) the document requested is a two-page document that is part of the public record, and providing a copy of the document poses little burden on the United States; and (2) Defendant has motions pending before the Tenth Circuit. The United States is therefore ordered to provide a copy of Doc. 99 to Defendant.

**DATED THIS 22nd day of August, 2014.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**